IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIFFANY COX and ALPHONSO KEMP, as Parents and natural guardians of K.K., a minor, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. K19C-11-002 NEP In and For Kent County |
| v. | ) ) ) | |
| BAYHEALTH MEDICAL CENTER, INC., a Delaware Corporation, ROBERT Q. SCACHERI, M.D., BEVERLY A. SANTANA, MSN, CNM and DEDICATED TO WOMEN OB-GYN, P.A., | ) ) ) ) ) ) ) ) | JURY TRIAL OF TWELVE DEMANDED |
| Defendants. | ) | |

Submitted: January 29, 2020
Decided: March 3, 2020

**ORDER**

***Upon Review of the Affidavits of Merit***
***DEFERRED***

This matter involves a healthcare negligence suit filed by Plaintiffs Tiffany Cox and Alphonso Kemp, as parents and guardians of K.K., a minor child, against Defendant Robert Scacheri, M.D. (hereinafter "Moving Defendant"), as well as Defendants Beverly Santana, MSN, CNM, Bayhealth Medical Center, Inc., and Dedicated to Women OB-GYN, P.A., (all Defendants hereinafter collectively

"Defendants"). Moving Defendant has asked the Court to review the affidavits of merit filed in this case to determine whether they satisfy 18 *Del. C.* § 6853.

In this case, Plaintiffs filed their Complaint on November 1, 2019, alleging that Defendants were medically negligent and breached the applicable standard of care. Specifically, with regard to the allegations against Moving Defendant, Plaintiffs allege, *inter alia*, that Moving Defendant failed to provide timely and proper medical and obstetric care, failed to provide timely and proper medical interventions, failed to closely monitor, evaluate, and respond to Plaintiff Tiffany Cox's medical status, including but not limited to K.K.'s fetal heart rate readings, failed to timely perform a cesarean section, and failed to timely and properly recognize K.K.'s fetal distress. As a consequence of Moving Defendant's alleged negligence, K.K. allegedly suffered severe and permanent hypoxic ischemic brain injury. The Complaint alleges that Moving Defendant specializes in obstetrics and gynecology and is licensed to practice medicine in the state of Delaware.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the

---

[1] 18 *Del. C.* § 6853(a)(1).

defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is Board certified.[2] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a way that proximately caused the plaintiff's injury.[3] The affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[4] The affidavit's requirements are "purposefully minimal."[5] Affidavits that merely track the statutory language are deemed sufficient.[6]

In this matter, three affidavits of merit are under consideration. Only one of these affidavits is applicable to Moving Defendant.[7] As requested by Moving Defendant, upon the Court's *in camera* review, the Court finds that the *curriculum vitae* attached to the applicable affidavit appears to be out of date.[8]

---

[2] *Id.* § 6853(c).

[3] *Id.*.

[4] *Id.* § 6853(d).

[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[6] *Dishmon*, 32 A.3d at 342–43.

[7] The other two affidavits are inapplicable to Moving Defendant because they are from experts in the fields of Midwifery and Nursing who are not themselves physicians (and therefore cannot be Board certified or licensed to practice medicine in the same or similiar field as Moving Defendant). Therefore, these experts may not offer standard of care opinions regarding Moving Defendant. *See Friedel v. Osunkoya*, 994 A.2d 746, 751, 764 (Del. Super. 2010) (holding that pharmacologist could not offer standard of care opinion regarding physician because construction of 18 *Del. C.* §§ 6853-54 requires experts be within similar field of medicine and receive same training).

[8] The *curriculum vitae* indicates that the expert's board certifications in obstetrics and gynecology and maternal-fetal medicine are expected to expire on December 31, 2010, although the affidavit itself states that the expert is currently board-certified in obstetrics and gynecology and maternal-fetal medicine. Moreover, the *curriculum vitae* lists no specific dates of

The Court acknowledges that Section 6853 requires a plaintiff to supplement his or her expert affidavit(s) of merit with a current *curriculum vitae*, and that failure to do so equates to non-compliance with the statute.[9] Nevertheless, this Court has discretion in choosing an appropriate sanction for noncompliance and must balance dismissal with the Court's strong policy favoring the deciding of cases on the merits.[10] In another context, the Delaware Supreme Court has observed that "[t]he sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[11]

The Delaware Supreme Court in *Dishmon, supra*, held that a failure to enclose a *curriculum vitae* with the affidavit of merit did not justify dismissal and was a mere procedural deficiency.[12] Moreover, as in *Dishmon*, there are no facts here to suggest that Plaintiffs were personally responsible for their attorney's failure to include a current *curriculum vitae* or that Plaintiffs' attorney acted in bad faith.[13]

**WHEREFORE**, in consideration of the above, **Plaintiffs shall be provided an additional twenty-one (21) days from the date of this Order** to provide an

---

employment or publication later than 2009.

[9] *Estate of Requa v. Bayhealth Medical Center, Inc.*, 2019 WL 2366871, at *1 (Del. Super. June 4, 2019).

[10] *Id.*

[11] *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008) (sanction of dismissal disfavored for discovery violations except as last resort).

[12] *Dishmon*, 32 A.3d at 344-45. The Supreme Court also noted than an affidavit of merit is not discoverable and thus the defense would not be prejudiced by a late submission. *Id.* at 345.

[13] *Id.*

4

affidavit of merit that complies with 18 *Del. C.* § 6853(c)  to avoid dismissal of the complaint.

       **IT IS SO ORDERED.**

/s/Noel Eason Primos

Judge

NEP/wjs
Via File&ServeXpress
oc:    Prothonotary
       Counsel of Record